**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-6087**

───────────────

RILEY DYSON BIRO,

        Petitioner - Appellant,

    v.

DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS,

        Respondent - Appellee.

───────────────

**No. 23-6088**

───────────────

RILEY DYSON BIRO,

        Petitioner - Appellant,

    v.

DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS,

        Respondent - Appellee.

**No. 23-6089**

RILEY DYSON BIRO,

        Petitioner - Appellant,

    v.

DIRECTOR OF THE VIRGINIA DEPARTMENT OF CORRECTIONS,

        Respondent - Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:22-cv-01209-TSE-JFA; 1:22-cv-01208-TSE-JFA; 1:22-cv-01210-TSE-JFA)

Submitted:  August 29, 2023                    Decided:  September 13, 2023

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Riley Dyson Biro, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

In these consolidated appeals, Riley Dyson Biro seeks to appeal the district court's orders dismissing his 28 U.S.C. § 2254 petitions for failure to exhaust state remedies. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

From our review of the record, it appears the district court mistakenly relied on the wrong state court proceedings in determining that Biro failed to exhaust his state remedies. As relevant here, a Virginia jury convicted Biro of two misdemeanors and a felony (the "original criminal proceedings"). After completing his custodial sentences, Biro violated the terms of his supervised probation, prompting the state court to revoke Biro's probation (the "revocation proceedings"). Biro then filed three § 2254 petitions—one for each of the convictions from the original criminal proceedings—in the district court, asserting several constitutional violations. However, in its exhaustion analysis, the district court referenced the case numbers associated with the revocation proceedings, not the original criminal

3

proceedings, indicating that its exhaustion finding was predicated on the wrong group of cases.

For this reason, we grant a certificate of appealability, vacate the district court's orders, and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*